UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GERTRILLA HOLLEY, : | |
|     Plaintiff, : | |
| : | |
| v. : | CASE NO. 3:14-cv-349 (SRU) |
| : | |
| DIRECTOR OF DANBURY MEDICAL : | |
| STAFF, et al., : | |
|     Defendants. : | |

INITIAL REVIEW ORDER

The plaintiff, Gertrilla Holley, currently incarcerated at the Federal Correctional Institution in Danbury, Connecticut, commenced this action *pro se* pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). The complaint was transferred to this court from the Northern District of West Virginia on March 18, 2014. The plaintiff's motion to proceed *in forma pauperis* was granted on April 24, 2014. The plaintiff names as defendants in the case caption, the Director of Danbury Medical Department, Danbury Medical Staff PA Rosemary Johnson, Dr. Tiffany Sanders and Nurse F. Zork. Within the body of the complaint, she also names MLP Nicholas Peralta. The plaintiff names the defendants in their individual and official capacities.

Under 28 U.S.C. § 1915A (2000), the court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id.* In reviewing a *pro se* complaint, the court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Although detailed allegations are not

required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. But "'[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Boykin v. KeyCorp.*, 521 F.3d 202, 214 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

The plaintiff alleges that she injured her left ankle on November 13, 2010. Documents attached to the complaint indicate that she was brought to the medical department where defendant Zork issue an ace wrap, crutches and a wheelchair and instructed the plaintiff to report for sick call the following day. At sick call, defendant Johnson ordered x-rays. About a week later, defendant Johnson prescribed Motrin and stretching exercises and told the plaintiff to elevate her foot. Although the plaintiff alleges that she was not evaluated for ankle surgery for eleven months, she states in her administrative remedy documents that she was seen by a neurologist on February 18, 2011, and an orthopedist two weeks after than. Doc. #1-1 at 4. The Administrative Remedy response indicates that the plaintiff has been under the care of an orthopedist since April 4, 2011. Doc. #1-1 at 5. The plaintiff contends that the defendants misdiagnosed her injury resulting in delayed treatment and some permanent damage.

The plaintiff brings this *Bivens* action[1] against the defendants in their individual and

---

[1] The plaintiff filed an administrative tort claim. The claim was denied and, on August 6, 2013, the plaintiff was told that she had six months to file a claim against the United States in an appropriate United States District Court. The complaint is dated March 5, 2014. As the complaint was filed a month beyond the deadline for commencing an action against the United

official capacities. The defendants are federal officials. Thus, the claims against them in their official capacities are barred by sovereign immunity. *See Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) ("Because an action against a federal agency or federal officers in their official capacities is essentially a suit against the United States, such suits are also barred under the doctrine of sovereign immunity unless such immunity is waived."); *Higazy v. Templeton*, 505 F.3d 161, 169 (2d Cir. 2007) ("The only remedy available in a *Bivens* action is an award for monetary damages from the defendants in their individual capacities."). Because the plaintiff has alleged no facts indicating a waiver, all claims against the defendants in their official capacities are dismissed.

To assert a cognizable *Bivens* claim, the plaintiff must allege facts indicating that the defendants violated constitutionally protected rights. *See Correctional Servs. Corp. v. Malesko*, 534 U.S. 61, 67 (2001) (explaining that *Bivens* recognizes 'in limited circumstances a claim for money damages against federal officers who abuse their constitutional authority"); *Schweiker v. Chilicky*, 487 U.S. 412, 447 (1988) (in a *Bivens* action, the plaintiff must "prove a deliberate abuse of governmental power rather than mere negligence").

The plaintiff alleges that the defendants misdiagnosed her injury and did not immediately recommend examination by an orthopedist. At most, the plaintiff's allegations constitute a medical malpractice claim. Mere malpractice, however, does not rise to the level of a constitutional violation to support a claim under *Bivens*. "[A] complaint that a physician has been negligence in diagnosing or treating a medical condition does not state a valid claim of

---

States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), and the plaintiff has named specific individuals as defendants rather than the United States, the court will not construe the complaint as asserting an FTCA claim.

medical mistreatment under the Eighth Amendment.  Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  Because medical malpractice is not cognizable under *Bivens*, the complaint is dismissed.

## ORDERS

Accordingly, the court enters the following orders:

(1)  The complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

(2)  The Clerk is directed to enter judgment and close this case.

**SO ORDERED** this 3rd day of June 2014, at Bridgeport, Connecticut.

/s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge